In the Matter of Pete Henry STEURY
and Grace Virginia Steury, Debtors.

Bankruptcy. No. 85–10347.

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

Nov. 22, 1988.

Grant F. Shipley, Fort Wayne, Ind., for debtors.

Mark A. Warsco, Fort Wayne, Ind., trustee in Steury.

## MEMORANDUM OF DECISION

ROBERT E. GRANT, Bankruptcy Judge.

This case began on May 8, 1985, when separate involuntary petitions under Chapter 7 were filed against each of the individual debtors. Relief was subsequently ordered by the court and, pursuant to Bankruptcy Rule 1015(b), these estates are being jointly administered.

The matter is now before the court on the Trustee's motion to substantively consolidate the estates of the individual debtors. Notice of the Trustee's request was given to all creditors and parties in interest. With the exception of objections filed on behalf of the debtors, there was no opposition to the Trustee's proposal. The matter is now before the court on the Trustee's motion and the debtors' objection thereto.

There is a dramatic difference between the joint administration contemplated by Rule 1015(b) and substantive consolidation. Joint administration is a creature of procedural convenience. It is justified by the laudable desire to avoid the wasting of resources, which would result through the duplication of effort if cases involving related debtors were to proceed entirely separately. Thus, rather than having two of everything, there need only be one trustee, one docket, and duplicate pleadings or claims can be avoided. The

estates of each debtor, however, remain separate. In this way, the desire for administrative efficiency can be fulfilled without altering the substantive rights of the parties. *See In re N.S. Garrott & Sons,* 63 B.R. 189, 191 (Bankr.E.D.Ark.1986); *In re Coles,* 14 B.R. 5 (Bankr.E.D.Pa.1981).

Unlike joint administration, substantive consolidation has a dramatic impact on the rights of the parties to a bankruptcy proceeding. When cases are substantively consolidated, the debtors loose their separateness and are treated as one entity. Their individual estates are combined to create a single pool, out of which the claims of all creditors can be paid. The ultimate result is the same as if there were only one debtor. *See In re N.S. Garrott & Sons, supra,* 63 B.R. at 191; *Holywell Corp. v. Bank of New York,* 59 B.R. 340, 347 (D.S.D.Fla.1986).

■ The authority to substantively consolidate the estates of separate debtors is not governed by any specific section of the Bankruptcy Code , or Rule of Procedure. Instead, it lies within the court's general equitable powers. *Holywell Corp. v. Bank of New York, supra,* 59 B.R. at 347; *In re Donut Queen, Ltd.,* 41 B.R. 706, 708 (Bankr.E.D.N.Y.1984); *Matter of Lewellyn,* 26 B.R. 246, 250 (Bankr.S.D.Iowa 1982); *In re Richton Intern. Corp.,* 12 B.R. 555, 557 (Bankr.S.D.N.Y.1981). It is, however, a power which should be used cautiously, because of the impact it can have upon the rights of the parties before the court. *In re Donut Queen, Ltd., supra,* 41 B.R. at 709; *Matter of Lewellyn, supra,* 26 B.R. at 251. Thus, "consolidation should not be granted hastily or arbitrarily ... [but] only after a careful review of all the relevant circumstances." *In re Snider Bros., Inc.,* 18 B.R. 230, 238 (Bankr. D.Mass.1982).

■ The party seeking substantive consolidation bears the burden of proving its propriety. This is true regardless of whether the issue is raised by a trustee, a debtor-in-possession, creditors, or other parties in interest.

In passing upon substantive consolidation, many courts have identified various criteria which are deserving of consideration. *See In re Vecco Const. Industries, Inc.,* 4 B.R. 407, 410 (Bankr.E.D.Va.1980) (seven factors); *In re Augie/Restivo Baking Co., Ltd.,* 84 B.R. 315, 321 (Bankr.E.D. N.Y.1988) (eight factors). Because these issues usually seem to arise in the context of corporate proceedings, most of these factors have little or no relevance to proceedings involving individual debtors. *In re Birch,* 72 B.R. 103, 106 (Bankr.D.N.H. 1987). Consequently, we must be sensitive to the fact that they "should not be mechanically applied in reaching an ultimate finding on the issue." *In re Donut Queen, Ltd., supra,* 41 B.R. at 709. Neither are they dispositive. *In re DRW Property Co. 82,* 54 B.R. 489, 495 (Bankr.N.D.Tex.1985). Indeed, "there is no one set of elements which, if established, will mandate consolidation in every instance." *In re Snider Bros., Inc., supra,* 18 B.R. at 234. Because of this, questions concerning substantive consolidation "are to a great degree *sui generis* ... [P]recedents are of limited value. Instead, the Court must determine what equity requires." *In re Augie/Restivo Baking Co., Ltd., supra,* 84 B.R. at 321.

■ It is important to remember that these factors are only an aid to and not a substitute for the court's judgment. *Holywell Corp. v. Bank of New York, supra,* 59 B.R. at 347. They are nothing more than sign posts along the road toward the answer to a much larger question. This ultimate answer requires the court to weigh "the economic prejudice of continued debtor separateness versus the economic prejudice of consolidation." *In re Snider Bros., Inc., supra,* 18 B.R. at 234. Thus, the court must first determine that there is a need for consolidation and then that the benefits of consolidation outweigh whatever harm it might create. *See In re Augie/Restivo Baking Co., Ltd., supra,* 84 B.R. at 321; *In re DRW Property Co. 82, supra,* 54 B.R. at 495; *In re F.A. Potts & Co., Inc.,* 23 B.R. 569, 572 (Bankr.E.D.Pa. 1982); *In re Snider Bros., Inc., supra,* 18 B.R. at 238. Ultimately then, the court must be persuaded that "the creditors will

suffer greater prejudice in the absence of consolidation than the debtors (and any objecting creditors) will suffer from its imposition." *Holywell Corp. v. Bank of New York, supra,* 59 B.R. at 347.

In this particular instance, the prejudice the court must consider in determining both the benefits and the detriments of consolidation arises from the same source —debtors' claimed exemptions. Among the various exemptions the State of Indiana allows its residents to claim is one which exists only in a bankruptcy context. This exemption is found at I.C. 34–2–28–1(a)(5). The debtor may exempt

> any interest the judgment debtor has in real estate held as a tenant by the entireties on the date of the filing of the petition for relief under the bankruptcy code, unless a joint petition for relief is filed by the judgment debtor and spouse, or individual petitions of the judgment debtor and spouse are subsequently consolidated.

Both of these debtors have claimed this exemption.

The stipulations of the parties indicate that, on the date of the petition, the debtors held entireties real estate. The value of this property, over and above the liens against it, is substantially greater than the $7,500.00 exemption they may each claim under I.C. 34–2–28–1(a)(1). Accordingly, one of the reasons the Trustee seeks substantive consolidation is to make this excess equity available for the benefit of creditors. In the same fashion, debtors oppose substantive consolidation because of their understandable desire to preserve the claimed exemption.

■ In addition to relying upon the prejudice debtors claim must necessarily flow from substantive consolidation, they also argue these cases cannot be substantively consolidated because they began as involuntary petitions, rather than a voluntary request for relief by the debtors. Given the reasons which support substantive consolidation, the court believes this argument is without merit. As long as the circumstances justifying substantive consolidation

exist, it should make no difference how the bankruptcy began.

Before embarking upon a broad discussion of the intricacies of bankruptcy law, it is appropriate to first consider the relative rights of the debtors and their creditors under state law. In this way, we will have a standard against which any prejudice, that might befall either of them, can be measured.

There is nothing unique about the treatment of tenancy by the entireties in Indiana. Neither the husband nor the wife has a separate interest in the property, rather, they both own the whole. Consequently,

> the lien of a judgment rendered against one spouse cannot be levied on tenancy by the entirety property because the one spouse does not have any interest in the property which can be reached. *In re Marino,* 27 B.R. 282, 283 (Bankr.N.D. Ind.1983).

Joint creditors can, however, reach entireties property, in order to satisfy a joint obligation of both the husband and the wife.

If the debtors had never become involved in a bankruptcy proceeding, their joint creditors would have been able to look to the equity in their entireties real estate, over and above the exemption provided by I.C. 34–2–28–1(a)(1), in order to satisfy their claims. The individual creditors of these debtors would, on the other hand, have been able to look only to the assets of their particular obligor.

Now that separate petitions have been filed involving these debtors, their joint creditors may not be able to look to the otherwise non-exempt equity in the entireties real estate. Read literally, the exemption provided by I.C. 34–2–28–1(a)(5) would completely remove the entireties real estate and its proceeds from the bankruptcy estate. As a result, this asset would not be available for the satisfaction of any claims against the debtors. Consequently, joint creditors, who at one time would have been able to look to this particular asset, must now share with all other creditors the few assets that exist in each individual estate.

Since the exemption in question would appear to be available only if these two cases are not consolidated, prejudice will clearly result if the Trustee's motion is denied.

Consolidation is not, however, without its drawbacks. Given the restrictions surrounding the exemption in question, if the estates are consolidated, it will be lost. Moreover, in its purest sense, consolidation would result in a complete aggregation of not only the assets but also the liabilities of each individual debtor. Consequently, all creditors, regardless of the nature of their claim, would become joint creditors. They would no longer be required to look only to the individual assets of their particular obligor, but they could also look to the assets of the other and, more importantly, the entireties real estate.

From the standpoint of the debtors, this would increase the claims which could be satisfied out of this asset. In the same fashion, from the standpoint of creditors, it may reduce the distribution to some at the expense of others. *See In re Donut Queen, Ltd., supra,* 41 B.R. at 709; *In re Snider Bros., Inc., supra,* 18 B.R. at 230. This is particularly true where the creditors who might have joint claims are concerned. They would have to share the proceeds of entireties real estate with creditors who otherwise could not have had any claim upon it. Since no creditor has objected to consolidation, the potential impact upon them may be minor. Nonetheless, the impact remains and, even in the absence of creditor opposition, the court should be cognizant of it. *Matter of Lewellyn, supra,* 26 B.R. at 251. The impact upon the debtors, however, is more substantial.

There are substantial joint obligations. Based upon debtors' reply brief, if we include disputed claims, debtors have joint obligations, which are unsecured, in excess of $30,000.00. Their joint obligations, for which there may be some security, appear to total approximately $28,480.00. Fur-

ther, some of the debts which appear to be solely the obligation of Mr. Steury, are alleged to arise out of the purchase of materials which were used to improve the entireties real estate. As such, these claims could be joint debts. *See Matter of Busick,* 719 F.2d 922, 923–24 n. 2, 925–26, 11 B.C.D. 433, 435 n. 2, 437 (7th Cir.1983).[1]

Both the Trustee and the Debtors have proceeded on the assumption that consolidation is an all or nothing proposition. Indeed, debtors argue

> There is no such thing as partial substantive consolidation, i.e., a mix-and-match collection of assets and liabilities under which the separate assets of the wife together with the proportional share of non-real estate joint assets of the wife go into one pot, the separate assets of the husband and the proportional part of the non-real estate joint assets of the husband go into another pot, and the joint real estate go into a third pot, to be distributed to various classes and categories of creditors (depending upon whether they are creditors solely of the wife, solely of the husband, or joint creditors). (Reply brief in opposition to motion to consolidate, filed August 18, 1988, pp. 2–3.)

The court disagrees.

> [T]here is nothing to say for the proposition that in the exercise of the bankruptcy court's equity powers ... it cannot treat [some] claims as consolidated and [other] claims as not. Nor is there anything in the Act itself requiring the symmetry on which appellant insists. *In re Continental Vending Machine Corp.* 517 F.2d 997, 1001 (2nd Cir.1975) (citations omitted).

Given that consolidation is premised upon the court's equitable powers, there is no reason the court cannot shape its remedy to fit, as closely as possible, the problem being corrected. As the Second Circuit has observed, "equity is not helpless to reach a rough approximation of justice to some rather than to deny any to all." *Chemical*

---

1. It is not necessary, for the purposes of this decision, to determine which obligations are joint debts of both Mr. and Mrs. Steury and the court reaches no such conclusion. Instead, it is sufficient for us to recognize that there are or may very well be joint obligations.

*Bank New York Trust Company v. Kheel,* 369 F.2d 845, 847 (2nd Cir.1966).

██ The Trustee has not demonstrated any need for the total consolidation of these estates. The assets and liabilities of the debtors and their financial affairs are not so hopelessly intertwined that they cannot be untangled. The Trustee has, however, demonstrated a need for consolidation, to the extent that joint creditors can reach the proceeds of entireties real estate. The court recognizes that this consolidation will deprive the debtors of the exemption provided by I.C. 34–2–28–1(a)(5). Nonetheless, by exposing this asset to the claims of joint creditors, we are doing nothing more than placing the debtors in the same position they would have occupied, vis a via those creditors, under state law had bankruptcy not been filed. This will neither enlarge nor diminish rights, as they would otherwise exist outside of bankruptcy.

> The filing of separate petitions by the debtors to save the entirety property from the reach of the trustee is no more than a nicety. The rights of the debtors must be determined by substantive law rather than form.... It would not be equitable for them to retain the entirety property as an exemption ... to the detriment of creditors to whom they are indebted jointly. *In re D'Avignon,* 34 B.R. 790, 796 (Bankr.D.Vt.1981).

The court concludes that the need for consolidation outweighs whatever harm it might create. Creditors will suffer greater prejudice in the absence of consolidation than debtors will suffer from its imposition.

Debtors' objections to the Trustee's motion for substantive consolidation are, therefore, overruled. These cases will be consolidated, to the extent that, notwithstanding debtors' claimed exemption under I.C. 34–2–28–1(a)(5), the proceeds of debtors' entireties real estate will be available for the payment of joint claims against the debtors, to the extent that property is not otherwise exempt under Indiana law.