In re **CROWN MACHINE & WELDING, INC., Crown Parts Montana/Wyoming, Inc.,** Debtors.

**Bankruptcy Nos. 88–40343, 88–40344.**

United States Bankruptcy Court, D. Montana.

May 25, 1989.

**26**

Stephen C. Mackey, Billings, Mont., for debtors.

Paul E. Toennis, Billings, Mont., for Industrial Mine Supply Co., Inc.

Charles W. Hingle, Billings, Mont., for Creditors Committee of Crown Machine and Welding.

Gilbert U. Burdett, Billings, Mont., for Holland Construction.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In each of the above Chapter 11 cases, Holland Construction Company and Industrial Mine Supply Co., Inc., creditors, have filed a motion to substantively consolidate each case. To date, separate Disclosure Statements have been approved, and separate Plans of Reorganization have been filed. Hearing on confirmation is pending decision on the Motion to Consolidate. The Debtors and Official Creditors Committee of Crown Machine & Welding object to consolidation and have filed memorandum in opposition. Hearing on the motion was held on January 17, 1989, and the matter is now ripe for decision.

The creditors' motion states that consolidation of these bankruptcy estates would more accurately reflect the asset pool available to creditors and debt responsibility of both corporations, reduce the large number of duplicate claims and save time and resources for the creditors and the estates, including judicial time and resources. The moving creditors are listed as unsecured creditors in both bankruptcy petitions, which were filed simultaneously on May 16, 1988. The evidence shows both corporations are separate, legal corporate entities, one incorporated under California law and one under Montana law. Both Debtors have their principal office at the same location, but maintain separate bank accounts at separate banks, write separate checks for payments to creditors and have separate accounting years. Crown Machine owes approximately $250,000.00 in unsecured debt, while Crown Parts owes $900,-000.00 in unsecured debt. Both have a single major secured creditor. In many instances in the past, the operations were designated as being handled under Crown Corporation, a fictitious name. Separate tax returns are filed by the Debtors. An employee of Holland Construction testified his company began business in 1981 with Crown Corporation and he did not realize there were two separate companies until 1985. Thus, he treated both Debtors as one entity. Industrial Mine is a trade creditor of Crown Parts, although it has maintained litigation against both Debtors in a collection action. Both bankruptcy schedules list Holland Construction and Industrial Mine as creditors, but as a disputed, unliquidated claim. Both Debtors have the same president and controlling shareholder, who has personally guaranteed both secured notes to the major secured creditor in excess of one million dollars. In business operations, Crown Parts purchases and resells goods manufactured by other companies, at wholesale or retail, while Crown Machine manufactures and repairs machine components. The evidence fails to show that the corporate assets are commingled.

*In re Augie/Restivo Baking Company, Ltd.,* 860 F.2d 515, 518 (2nd Cir.1988), contains an excellent discussion on substantive consolidations and holds:

"Substantive consolidation has no express statutory basis but is a product of judicial gloss. *See, e.g., In re Commercial Envelope Mfg. Co.,* 3 B.C.D. 647 (Bankr.S.D.N.Y.1977). Substantive consolidation usually results in *inter alia,* pooling the assets of, and claims against, the two entities; satisfying liabilities from the resultant common fund; elimi-

nating inter-company claims; and combining the creditors of the two companies for purposes of voting on reorganization plans. *See* 5 *Collier on Bankruptcy* § 1100.06, at 1100–32 n. 1 (L. King ed. 15th ed.1988). * * * Because of the dangers in forcing creditors of one debtor to share on a parity with creditors of a less solvent debtor, we have stressed that substantive consolidation 'is no mere instrument of procedural convenience ... but a measure vitally affecting substantive rights', *Flora Mir Candy Corp. v. R.S. Dickson & Co.*, 432 F.2d 1060, 1062 (2nd Cir.1970), to 'be used sparingly'. *Chemical Bank New York Trust Co. v. Kheel*, 369 F.2d 845, 847 (2nd Cir.1966). The sole purpose of substantive consolidation is to ensure the equitable treatment of all creditors. Numerous considerations have been mentioned as relevant to determining whether equitable treatment will result from substantive consolidation. *See, e.g., In re Continental Vending Machine Corp.*, 517 F.2d 997, 1001 (2nd Cir.1975) (whether creditors knowingly deal with corporations as unit), *cert. denied sub nom James Talcott, Inc. v. Wharton, Trustee*, 424 U.S. 913, 96 S.Ct. 1111, 47 L.Ed.2d 317 (1976); *Flora Mir*, 432 F.2d 1060 (whether one debtor was independent of other debtor when certain securities issued; whether creditor dealt only with one debtor and lacked knowledge of its relationships with others; whether interrelationships of group were closely entangled); *Kheel*, 369 F.2d 845 (whether entanglement of business affairs of related corporations was so extensive that the cost of entangling would outweigh any benefit to creditors); *In re Donut Queen, Ltd.*, 41 B.R. 706 (Bankr.E.D.N.Y.1984) (presence or absence of consolidated financial statements; difficulty in segregating individual debtors' assets and liabilities; existence of parent and inter-corporate guarantees on loans; unity of interests and ownership; existence of transfers of assets without observance of corporate formalities; profitability of consolidation at single physical location); *In re Richton Int'l Corp.*, 12 B.R. 555 (Bankr.S.D. N.Y.1981) (same); *In re Food Fair*, 10 B.R. 123 (Bankr.S.D.N.Y.1981) (same). An examination of those cases, however, reveals that these considerations are merely variants on two critical factors: (i) whether creditors dealt with the entities as a single economic unit and 'did not rely on their separate identity in extending credit,' 5 *Collier on Bankruptcy* § 1100.06, at 1100–33; *see also Flora Mir*, 432 F.2d at 1062–63; *Kheel*, 369 F.2d at 847; *Soviero v. Franklin Nat. Bank*, 328 F.2d 446 (2nd Cir.1964) (consolidation proper where creditors dealt with debtor and its affiliates as if they were one corporation and failed to demonstrate reliance on credit of any separate judicial entity); *In re D.H. Overmyer*, 2 B.C.D. 412 (Bankr.S.D.N.Y. 1976); or (ii) whether the affairs of the debtors are so entangled that consolidation will benefit all creditors, *Kheel*, 369 F.2d at 847; *Commercial Envelope*, 3 B.C.D. at 649–52."

The moving creditors rely heavily on the *Chemical Bank of New York Trust Company v. Kheel* case cited approvingly by the Court in the *Augie/Restivo* case. In *Kheel*, the Court found consolidation was warranted because—

" * * * the intercompany claims of the debtor companies are eliminated, the assets of all debtors are treated as common assets and the claims of outside creditors against any of the debtors are treated as against the common fund, eliminating a large number of duplicative claims filed against several debtors by creditors uncertain as to which debtor was eventually liable."

It is also settled that the moving party bears the burden to show substantive consolidation is proper and the benefit will outweigh the harm to the creditors. *In re Steury*, 94 B.R. 553, 554 (Bankr.N.D.Ind. 1988). Further, "there is no one set of elements, which, if established, will mandate consolidation in every instance". *In re Snider Brothers, Inc.*, 18 B.R. 230, 234 (Bankr.D.Mass.1982), so that as to substantive consolidation, precedents are of little

value, thereby making each analysis on a case-by-case basis.

This Court has the benefit in this case not only of the evidence adduced at the hearing of January 17, 1989, but of two Disclosure Statements and Plans of Reorganization filed in each case. The Disclosure Statements show that Crown Machine has presently $250,000.00 of unsecured claims listed in Class 3 of the Plan among 60 creditors, which will be paid by a one time inventory liquidation. Conversely, Crown Parts has presently $900,000.00 of general unsecured claims involving 160 creditors in Class 5 of the Plan, which are proposed to be paid from on-going revenues of that Debtor. Certain inter-company transactions are in existence. Crown Parts owes $93,430.58 to Crown Machine, but separate accounts are kept on each inter-company transaction, such a rent, insurance, utilities and property taxes. Both companies have been adjudged jointly and severally liable to Holland Construction in the sum of $136,165.53. Under the Plan of Crown Machine, Holland is to be paid $88,-565.53 over 24 months for its share of the debt, and Crown Parts will satisfy the other $88,565.53 over the same time span, but from a different source of income. All matters considered, I find and determine that it is not in the best interest of the creditors of Crown Parts to have the assets of that company consolidated for payment of creditors of Crown Machine. The unsecured creditors of Crown Machine are proposed to be paid 50% of their claim, while unsecured creditors of Crown Parts will receive under the Plan either 27.56% or 32.16% of each claim. It is clear the assets of the two Debtors are not commingled, nor are duplicative claims a major factor or problem.

The fact that Holland and Industrial Mine believed they were dealing with one entity is not controlling.

" * * *, the fact that the trade creditors may have believed that they were dealing with a single entity does not justify consolidation." *Augie/Restivo,* supra at 519.

Moreover, Holland is treated as a creditor by each entity, to be paid in full on its joint and several liability judgment. Further, because of the disparate treatment of unsecured creditors in each case, the creditors of each Debtor will be able to vote their ballot on reorganization on the basis of disclosure made to each creditor by each Debtor. To reverse that process at this time, would unduly affect the reorganization posture and probably irreparably harm creditors in each unsecured class. For all these reasons, I conclude substantive consolidation has not been shown to be in the best interests of the creditors of each Debtor.

IT IS ORDERED the Motion for Substantive Consolidation filed by Holland Construction Co. and Industrial Mine Supply Company, Inc. is denied.