Charles A. MEYER, Joann
M. Meyer, Appellants,

v.

Joseph W. HAMMES, Trustee for the Bankruptcy Estate of Charles A. Meyer and Joann M. Meyer, Kenneth C. Meeker, U.S. Trustee, Appellees.

In re Charles A. MEYER and
Joann M. Meyer, Debtors.

No. IP 94–1434 C B/S.
Bankruptcy No. 92–12671 FJO–7.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Sept. 27, 1995.

Thomas D. Titsworth, Wooden McLaughlin & Sterner, Indianapolis, Indiana, for appellants.

Kevin P. Dempsey, Assistant United States Attorney, Indianapolis, Indiana, for appellees.

## ENTRY

BARKER, Chief Judge.

This appeal arises from an order entered by the Bankruptcy Court on September 19, 1994, which sustained Trustee's Objection To Property Claimed As Exempt and overruled Debtors' Motion To Strike Trustee's Objection To Entireties Property Exemption. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a).

In reviewing the Bankruptcy Court's decision, this Court reviews findings of fact under a clearly erroneous standard, *see* Fed. R.Bkrtcy.P. 8013, and conclusions of law *de novo, see Matter of Voelker,* 42 F.3d 1050, 1051 (7th Cir.1994).

## FACTUAL BACKGROUND

Charles A. Meyer ("Mr. Meyer") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 21, 1992. Pursuant to Indiana Code section 34–2–28–1 Meyer claimed as an exemption his interest in a residence in Greenwood, Indiana, which he and his wife, Joann M. Meyer ("Ms. Meyer"), own as tenants by the entirety. Section 34–2–28–1(a) states in pertinent part:

Sec. 1. (a) The following property of a judgment debtor domiciled in Indiana is not subject to levy or sale on execution or any other final process from a court, for a judgment founded upon an express or implied contract or a tort claim:

(1) Real estate or personal property constituting the personal or family residence of the judgment debtor or a dependent of the judgment debtor, or estate or rights in that real estate or personal property, of not more than seven thousand five hundred dollars ($7,500). The exemption under this subsection is individually available to joint judgment debtors concerning property held by them as tenants by the entireties.

\* \* \* \* \* \*

Ind.Code § 34–2–28–1(a)(1). The property has a value of $130,000 and is subject to mortgage indebtedness of $85,500. Because Ms. Meyer was not a joint petitioner, the interim trustee for Mr. Meyer's estate did not challenge the propriety of Mr. Meyer's exemption. Mr. Meyer received a discharge on March 29, 1993 and the case was closed March 31, 1993.

On June 21, 1993 Ms. Meyer filed a petition for relief under Chapter 7. Ms. Meyer claimed her interest in the Greenwood, Indiana, residence as an exemption pursuant to section 34–2–28–1. The Bankruptcy Court did not grant Ms. Meyer a discharge and her case remains open.

On August 27, 1993 the United States Trustee moved to reopen Mr. Meyer's case pursuant to 11 U.S.C. § 350(b). After a hearing the Bankruptcy Court ordered the case reopened on October 29, 1993. Mr. Meyer did not appeal the order.

On December 9, 1993 the respective interim trustees for Mr. Meyer and Ms. Meyer (collectively "Debtors") jointly moved to consolidate Debtors' individual bankruptcy proceedings. Debtors did not file an objection to the motion, and the Bankruptcy Court ordered the cases consolidated on December 16, 1993.

The first meeting of creditors for Debtors' consolidated case was held on June 6, 1994. Seventeen days later, on June 23, 1994, trustee for the consolidated case ("Trustee") filed Trustee's Objection To Property Claimed As Exempt. The Trustee objected to Debtors'

claim that their Greenwood residence was exempt under subpart (1) of Indiana Code section 34–2–28–1(a), which is excerpted above. The Trustee argued that upon consolidation of Debtors' petitions for relief, Debtors' entireties exemption was no longer proper. The Trustee based its contention on subpart (5) of that same section, which states that a debtor is entitled to claim as an exemption:

(5) Any interest the judgment debtor has in real estate held as tenants by the entireties on the date of filing of the petition for relief under the bankruptcy code, *unless* a joint petition for relief is filed by the judgment debtor and spouse, or *individual petitions of the judgment debtor and spouse are subsequently consolidated.*

Ind.Code § 34–2–28–1(a)(5) (emphasis added). Debtors filed Debtors' Motion To Strike Trustee's Objection To Entireties Property Exemption on August 1, 1994. The motion to strike asserted that the Trustee's objection was not timely; that property owned by the entirety is subject only to joint creditors; and that Mr. Meyer had received a discharge. On September 19, 1994 the Bankruptcy Court sustained the Trustee's objection and limited Debtors' exemption in real property to $15,000, thus allowing Debtors each to claim an individual exemption of $7,500 as allowed under Indiana Code section 34–2–28–1(a)(1).

The Bankruptcy Court found that the Trustee's objection to Debtors' exemption claim was timely because the Trustee filed it within 30 days of the June 6, 1994 creditors meeting for the consolidated case. The court also found that the Trustee's objection was substantively correct. Debtors timely filed a notice of appeal on September 23, 1994.

## DISCUSSION

Because of the poor quality of Debtors' briefs, the Court has had some difficulty in discerning Debtors' arguments.[1] The Court, nevertheless, has interpreted Debtors' arguments in as favorable a light as possible. Debtors' first argument appears to be that

---

**1.** For example, the issues that Debtors present in their Statement of Issues do not correspond to the arguments that Debtors make in the argument section of Appellants' Brief or Appellants' Reply Brief.

the Bankruptcy Court simply misconstrued the law in finding that Indiana Code section 3–2–28–1(a)(5) barred their entireties exemption. In reviewing the Bankruptcy Court's September 9, 1994 order sustaining the Trustee's objection, this Court holds that the Bankruptcy Court correctly construed both the Indiana exemption statute and the Bankruptcy Code.

 Indiana Code section 34–2–28–1(a)(5) allows a debtor in an individual bankruptcy proceeding an unlimited exemption of property held by the entirety. However, where a debtor and his or her spouse both file individual bankruptcy petitions and those individual petitions are subsequently consolidated, neither debtor may claim an entireties exemption. As section 34–2–28–1(a)(5) clearly states, a debtor may exempt "[a]ny interest the judgment debtor has in real estate held as tenants by the entireties on the date of filing of the petition for relief under the bankruptcy code, *unless* a joint petition for relief is filled by the judgment debtor and spouse, or *individual petitions of the judgment debtor and spouse are subsequently consolidated.*" Ind.Code § 34–2–28–1(a)(5) (emphasis added). Because Debtors' individual petitions were consolidated by the Bankruptcy Court's December 16, 1993 order, section 34–2–28–1(a)(5) required that the Bankruptcy Court deny their entireties exemption claim.[2]

 Debtors second argument is that Indiana Code section 34–2–28–1(a)(5) violates the Supremacy Clause of Article VI of the United States Constitution. Debtors appear to contend that Indiana may not create an exemption for entireties estates but then withhold the exemption where a husband's and wife's individual petitions have been subsequently consolidated. If Indiana can do this, Debtors argue, then the State could go as far as to withhold all exemptions. Far from conflicting with federal law, the state statute appears completely consistent with the Bankruptcy Code. The Bankruptcy Code of 1978 permits states to opt out of the federal exemptions scheme and to enact their own exemption statutes. Section 552(b) of the Bankruptcy Code states in part that a debtor may exempt "property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor ... specifically does not so authorizes." 11 U.S.C. § 522(b)(1). The Indiana legislature chose to opt out of the federal exemptions scheme. *Matter of Paeplow*, 972 F.2d 730, 733 (7th Cir.1992). *See also* Ind. Code § 34–2–28–0.5. While Indiana's exemptions scheme may exempt less of a debtor's property than does the federal scheme, this difference alone does not make the Indiana statute unconstitutional. In opting out of the Bankruptcy Code's exemptions scheme and thereby making the state exemptions apply to bankruptcy proceedings of its citizens, the Indiana General Assembly did only what Congress expressly provided that it could do under 11 U.S.C. § 522. As the Seventh Circuit observed in *Matter of Sullivan*, 680 F.2d 1131, 1137 (7th Cir.1982), *cert.*

---

2. In their Appellants' Reply Brief, Debtors argue that the Bankruptcy Court did not consolidate Debtors' individual cases for substantive purposes, but instead only for administrative purposes. In support of their argument, Debtors note that the Trustee moved for consolidation pursuant to Federal Rule of Bankruptcy Procedure 1015(b). A bankruptcy court's authority to order substantive consolidation, however, normally is based on its broad equitable power under 11 U.S.C. § 105(a). *See In re Augie/Restivo Baking Company Ltd.*, 860 F.2d 515 (2d Cir.1988) (substantive consolidation has no express statutory basis but is a product of judicial gloss; courts have found the power to consolidate substantively in the court's general equitable powers as set forth in 11 U.S.C. § 105); *Eastgroup Properties v. Southern Motel Association, Ltd.*, 935 F.2d 245 (11th Cir.1991) (same).

Regardless of which provision the Trustee cited in its motion, this Court holds that Debtors waived any argument based on any difference between administrative and substantive consolidation as Debtors did not raise the issue before the Bankruptcy Court. *See Matter of Weber*, 25 F.3d 413, 415–16 (7th Cir.1994) (argument not presented to bankruptcy court is waived for appeal); *Matter of Hunter*, 970 F.2d 299, 306 (7th Cir.1992) (same). Debtors also waived any such argument by not raising the issue in their initial brief. *See Graff v. City of Chicago*, 9 F.3d 1309, 1318 n. 6 (7th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1837, 128 L.Ed.2d 464 (1994); Fed.R.App.P. 28(f) ("A reply brief shall be limited to matter in reply").

*denied,* 459 U.S. 992, 103 S.Ct. 349, 74 L.Ed.2d 388 (1982):

> [T]o say that state exemptions provisions providing less solace to debtors than the federal exemptions of section 522(d) are in "conflict" with the language of the Code or expressions of Congressional intent underlying it is simply inaccurate. If Congress has the power to permit states to set their own exemption level, the [state] provisions are constitutional.

Based on the plain wording of 11 U.S.C. § 522(b), and its interpretation by the Seventh Circuit, this Court holds that Indiana Code section 34–2–28–1(a)(5) does not conflict with the exemption provisions of the Bankruptcy Code and therefore does not violate the Supremacy Clause.

■ Debtors' third argument is that the Bankruptcy Court erred in sustaining the Trustee's objection because neither the interim trustee for Mr. Meyer nor the interim trustee for Ms. Meyer objected to the entireties exemptions that Debtors claimed in their individual proceedings within 30 days of Debtors' respective creditors meetings. Federal Rule of Bankruptcy Procedure 4003(b)[3] provides that objections to a debtor's claimed exemptions must be made within 30 days after the debtor's creditors meet pursuant to 11 U.S.C. § 341[4]. Here the Trustee convened a section 341 meeting of creditors for Debtors' consolidated estate on June 6, 1994. The Trustee filed its objection on June 23, 1994, only seventeen days later. Debtors offer no support for their claim that the 30–day limitations period in Debtors' individual petitions still applied after the Bankruptcy Court consolidated Debtors' individual petitions. Debtors' reference to *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) is unavailing. In that case the Supreme Court held that a trustee's failure to object to a debtor's claimed exemption within the 30–day period for objecting precluded the trustee from later contesting the exemption. Significantly, *Taylor* did not involve a consolidation proceeding where the limitations period purportedly ran prior to consolidation. The Supreme Court's decision holds only that the trustee of *an individual debtor's bankruptcy estate* may not object to an exemption claimed by the individual debtor after the 30–day objection period has expired. Therefore, the Court holds that the Trustee complied with the requirements of Rule 4003(b) and with the dictates of the Supreme Court's holding in *Taylor.*

■ Debtors' fourth argument takes the form of a syllogism: entireties estates are subject only to claims of joint creditors; Debtors had no joint creditors when Ms. Meyer filed her petition for relief because Mr. Meyer already had received his discharge; therefore, Debtors' entireties estate cannot be subject to any claims. The first statement of Debtors' syllogism, while correct in the context of a state proceeding, is incorrect in the context of a federal bankruptcy proceeding. Under Indiana law tenancy by the entirety creates between spouses joint ownership of an undivided interest in property which may not be transferred or encumbered by either spouse acting alone. *State of Indiana v. Union Bank & Trust Co.,* 177 Ind.App. 632, 380 N.E.2d 1279, 1280 (1978); *Matter of Paeplow,* 972 F.2d 730, 733 (7th Cir.1992). Creditors operating under this regime cannot execute on entirety property without first obtaining a judgment against both spouses. *First National Bank of Goodland v. Pothuisje,* 217 Ind. 1, 25 N.E.2d 436 (1940); *Matter of Paeplow,* 972 F.2d 730, 733 (7th Cir.1992). However, this rule does not apply to a bankruptcy proceeding where a debtor's interest in an entireties

---

**3.** Rule 4003(b) provides in full:

> The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court. Copies of the objections shall be delivered or mailed to

the trustee and to the person filing the list and the attorney for such person.

Fed.R.Bkrtcy.P. 4003(b).

**4.** Section 341(a) states:

> Within a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors.

11 U.S.C. § 341(a).

estate enters the bankruptcy estate. *Matter of Hunter,* 970 F.2d 299, 305 (7th Cir.1992); *Matter of Paeplow,* 972 F.2d 730, 737 (7th Cir.1992). Under Indiana law, Debtors in the instant case are entitled to an exemption of only $15,000. The rest of their entireties estate is part of the bankruptcy estate and may be liquidated by the Trustee. *See* 11 U.S.C. § 363. Therefore, Debtors contention that an entireties estate is subject only to the claims of joint creditors is incorrect where the entireties estate is not otherwise exempt under federal or state exemptions schemes.

The second prong of the syllogism—that there are no joint creditors because Mr. Meyer already received a discharge—is incorrect as a matter of law. Mr. Meyer's discharge did not eliminate his creditors; rather it enjoined the creditors from pursuing a claim against Mr. Meyer. Section 524(a)(2) of the Bankruptcy Code states that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). As the Seventh Circuit noted in *Matter of Hendrix,* 986 F.2d 195, 198 (7th Cir.1993), "[d]ischarge brought into existence a perpetual injunction, making the bankruptcy proceeding a continuous, ongoing proceeding as to anyone bound by the injunction." Creditors of a discharged debtor remain creditors to the extent that a bankruptcy court modifies its injunction to allow them to pursue more of the debtor's assets. Once the Bankruptcy Court reopened Mr. Meyer's case, the court had authority to modify his exemptions.[5] As the Seventh Circuit has held, "any court that issues an injunction can modify it for good cause on the motion of a person adversely affected by it." *Id.; Winterland Concessions Co. v. Trela,* 735 F.2d 257, 260 (7th Cir.1984). Thus, to the extent that Mr. Meyer's creditors before his discharge stood to benefit from any modification the court might make to Mr. Meyer's exemptions, those creditors remained creditors when Ms. Meyer's filed for bankruptcy. Finding neither prong of Debtors' syllogism to be correct, this Court holds that Debtors' fourth argument for reversing the Bankruptcy Court's order is also without merit.[6]

Finally, Debtors ask this Court to decide a hypothetical question in the event that the Court affirms the Bankruptcy Court: whether Debtors' entireties estate is subject only to claims of Debtors' joint creditors or whether it is subject to all creditors. In its December 16, 1993 order the Bankruptcy Court found that the sole issue before it was whether the Trustee's objection to Debtors' entireties exemption was proper. *See* September 19, 1994 Order at p. 6. Because the issue has not yet been addressed by the Bankruptcy Court, the Court finds that Debtors' question is not ripe for appellate review.

## CONCLUSION

For the foregoing reasons, this Court holds that the Bankruptcy Court correctly sustained the Trustee's objection to Debtors' claimed entireties exemption. Accordingly, we AFFIRM the Bankruptcy Court's September 19, 1994 order sustaining Trustee's Objection To Property Claimed As Exempt and overruling Debtors' Motion To Strike

---

5. In the case of Mr. Meyer, the Bankruptcy Court reopened his bankruptcy proceeding pursuant to section 350(b), which states that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, *or for other cause.*" 11 U.S.C. § 350(b) (emphasis added). Whether to reopen a case is within the sound discretion of the bankruptcy court. *Matter of Bianucci,* 4 F.3d 526, 528 (7th Cir.1993); *In re Shondel,* 950 F.2d 1301, 1304 (7th Cir.1991).

6. The caselaw Debtors cite is inapplicable to the facts of this case. *In the Matter of Hunter,* 970 F.2d 299 (7th Cir.1992), *In the Matter of Paeplow,*

972 F.2d 730 (7th Cir.1992), *Sumy v. Schlossberg,* 777 F.2d 921 (4th Cir.1985), *Matter of Geoghegan,* 101 B.R. 329 (Bkrtcy.M.D.Fla.1989), and *In re Oberlies,* 94 B.R. 916 (Bkrtcy.E.D.Mich. 1988), all involved creditors pursuing remedies against a debtor and a non-filing spouse. While *Matter of Steury,* 94 B.R. 553 (Bkrtcy.N.D.Ind. 1988), involved married debtors, the issue before that court was whether to consolidate the individual cases, not whether to allow an entireties exemption. *Id.* at 557. Indeed, the *Steury* court recognized that upon their individual petitions being consolidated, the debtors would lose their entireties exemption. *Id.*

Trustee's Objection To Entireties Property Exemption.

It is so ORDERED.