**In re Antonio Guissepie MARINO, Debtor.**

**Bankruptcy No. 81–61199.**

United States Bankruptcy Court, N.D. Indiana, Hammond Division at Gary.

Jan. 19, 1983.

Robert A. Orlich, Merrillville, Ind., for debtor.

RUSSELL H. NEHRIG, Bankruptcy Judge.

### ORDER

The court hereby holds that the motion filed by the debtor to avoid judicial liens against tenancy by entirety real estate may not be avoided when only one spouse is in bankruptcy.

## MEMORANDUM

The debtor, Antonio Guissepie Marino, and his spouse own real estate as tenants by the entirety. The debtor's spouse did not file bankruptcy. The debtor seeks to avoid judicial liens against that property which are held by Gladys Lyons, Service Publications, Inc., Lazzaro Glass, Inc., Community Hospital, Sisters of Mercy Health Corporation, Lester and Bessie Collins, Kenneth Griffin d/b/a Griffin Sport and Marine, Kathryn Sue Hunter, Frank Mead and James Parnell, Alside Supply.

Section 522(f) provides that a debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section if such lien is a judicial lien, et cetera. Subsection (b) provides that a debtor may exempt from property of the estate any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by entirety or joint tenant to the extent that such interest as a tenant by entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

Ind.Code Section 34–2–28–0.5 provides that in a bankruptcy proceeding an individual debtor in Indiana "may exempt from property of the estate only that property specified by Indiana Law." Thereby, the federal exemption provided for in section 522(d) of the Bankruptcy Code are not applicable. However, the court considers that the rest of section 522 remains in effect.

Subsection (b)(2)(B) of the Bankruptcy Code states that an individual debtor may "exempt from property of the estate" any interest in tenancy by entirety real property to the extent that it is exempt from process under applicable nonbankruptcy law. The exemptions under Indiana law are set forth in Ind.Code Section 34–2–28–1. Subsection (e) exempts any interest the debtor has in real estate held as a tenant by the entireties, unless a joint petition is filed by the debtor and his spouse or their individual petitions are consolidated. This section can only be interpreted as recognizing the basic law of tenancy by the entireties which is that neither spouse owns any part of the real estate and both own the whole. In a nonbankruptcy situation the lien of a judgment rendered against one spouse cannot be levied on tenancy by entirety property because the one spouse does not have any interest in the property which can be reached.

There is nothing basically wrong with the Indiana statute in putting the property beyond the reach of creditors in an individual bankruptcy by providing that it is not property of the estate, but calling it an "exemption" makes things sticky when applying Section 522(f) of the Bankruptcy Code which provides for the avoidance of a judicial lien "to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of the section." The debtor's contention that judicial liens against tenancy by entirety real estate can be avoided when only one spouse is in bankruptcy, under subsection (e) of the Indiana statute, is wholly untenable. By that theory, a debtor and his nonbankrupt spouse could own a $100,000.00 building which is subject to a judicial lien in the amount of $50,000.00 and wipe out the entire lien because subsection (e) of the Indiana statute does not contain any dollar limitation. Further, the excess value would not be property of the estate. On the other hand, if both were in bankruptcy and owned the same building, their exemptions would be governed by subsection (a) and would be limited to $15,000.00. The excess value would be property of the estate.