42 F.3d 1392
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chris J. JACOBS, Jr., Defendant-Appellant.
 No. 93-3795.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 22, 1994.*
Decided Nov. 29, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Appellant Chris J. Jacobs appeals the district court's denial of his motion for a default judgment on his counterclaim and the district court's grant of summary judgment against him on the underlying foreclosure action. We affirm.
 
 Facts
 
 2
 Appellee United States of America originally brought this action to foreclose on promissory notes and a security agreement executed by Judith Jacobs and appellant in favor of the United States Department of Agriculture (through the Farmers Home Administration ("FmHA")).
 
 
 3
 Appellant filed a brief responsive pleading that had three sections, labeled "answer," "affirmative defence," and "counterclaim," respectively. Appellant listed the following entities and individuals as third-party defendants: FmHA; Glen Yager, agent for FmHA; Kevin Potter, U.S. Attorney; and Jean Marie Reilly, U.S. Attorney. Appellant's "Counterclaim" stated, in its entirety:
 
 
 4
 Defendant hereby alleges that said defendants have perpetrated a fraud upon the defendant Jacobs by declaring that they did loan [MONIES] to them. Defendant Jacobs has discovered that said defendants have only loaned credit of which is strictly forbidden.
 
 
 5
 (R. at 11, 12, 13). Appellant requested substantial compensatory and punitive damages.
 
 
 6
 When the third party defendants did not answer the "counterclaim", appellant moved for a default judgment. Judge Crabb denied the motion and subsequent motion to reconsider and dismissed the claim for lack of jurisdiction because it was brought against non-suable entities (an agency of the federal government and government officials acting in their official capacities). Judge Crabb granted a default judgment against Judith Jacobs and summary judgment against appellant on the underlying foreclosure action. Appellant did not respond to appellee's motion for summary judgment.
 
 Analysis
 
 7
 Appellant seems to make only one argument relevant to summary judgment on the foreclosure action. Appellant argues that the underlying debts were discharged in bankruptcy. Appellant, however, waived this argument by failing to raise it in the district court. See Rueth v. U.S.E.P.A., 13 F.3d 227, 231 n. 4 (7th Cir.1993). Further, the government is not seeking to hold appellant personally liable for the debt, but merely to enforce its security interest in the collateral. (Government's Brief, pp. 7, 13.) See also Matter of Hunter, 970 F.2d 299, 310-311 (7th Cir.1992) (personal discharge versus valid liens on property).
 
 
 8
 The bulk of appellant's arguments relate to the district court's failure to grant a default judgment against the third-party defendants. While the federal government and federal officials can be sued under certain circumstances, appellant has made no showing such circumstances exist. Further, there are other grounds apparent from the record for affirming the district court. First, Federal Rule of Civil Procedure 55(e) provides: "No judgment by default shall be entered against the United States or an officer of an agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Appellant failed to present any evidence in support of his claims. Appellant's presentation consisted entirely of rambling attacks on everything from the abandonment of the gold standard to Judge Crabb's membership in the Wisconsin State Bar, which provided no meaningful support for appellant's claims. Second, the "counterclaim" is frivolous and properly dismissable as failing to comply with Federal Rules of Civil Procedure 8 and 9. The claim itself is a non-sequitur indicating no right to relief and the alleged fraud is pleaded without the requisite particularity.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellee has filed a statement indicating oral argument is unnecessary, and the appeal has been submitted on the briefs and record