**In re Curtis Dean ROBERTSON, Debtor.**

**Bankruptcy No. 97–12956–RLB–7A.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

March 13, 1998.

Scott Burns, Law Offices of Peter F. Geraci, Indianapolis, IN, for Debtor.

Paul D. Gresk, Gresk and Singleton, Indianapolis, IN, Chapter 7 trustee.

---

## ENTRY ON OBJECTION TO DEBTOR'S CLAIMED EXEMPTION

ROBERT L. BAYT, Bankruptcy Judge.

This matter is before the Court on the Objection to Debtor's Claimed Exemption and Motion for Turn Over ("Objection to Exemption"), filed by Paul D. Gresk, Trustee ("Trustee") on December 23, 1997. Curtis Dean Robertson ("Debtor") filed a response ("Response") to the Objection on January 22, 1998. A hearing on the Objection and Response was held on March 3, 1998. The Court, having reviewed the Objection, the Response, and the matters presented at the March 3, 1998 hearing, now makes the following Entry.

■ The Debtor filed a petition under Chapter 7 on November 4, 1997. In his petition, the Debtor listed his residence at 1318 North Tuxedo, Indianapolis, Indiana (the "Tuxedo Property"), as exempt pursuant to I.C. Section 34–2–28–1(a)(1).[1]

The Debtor first started living in the Tuxedo Property several years ago, when he rented the property from Robert Ellis Milburn ("Mr. Milburn"). A friendly relationship developed between the Debtor and Mr. Milburn, and Mr. Milburn eventually told the Debtor that he had left the Tuxedo Property to the Debtor in his will.[2] At some point Mr. Milburn died, after which the Debtor filed his bankruptcy petition. To this date, Mr. Milburn's estate is still being probated.

The Trustee objects to the Debtor's claimed exemption in the Tuxedo Property. According to the Trustee, as of the date of the bankruptcy filing, the Debtor had no more than an entitlement to a future inheritance with respect to the Tuxedo Property. The Trustee argues that such an interest is an intangible property interest, and that pursuant to I.C. Section 34–2–28–1(a)(3),[3] the Debtor is entitled to only a $100 exemption therein. The Debtor argues that his interest on the Tuxedo Property is an "estate or right" in the Tuxedo Property, and that he is entitled to the $7,500 Section 34–2–28–1(a)(1) exemption for a debtor's personal residence.

■ Having reviewed the arguments of the parties, it is the conclusion of the Court that the Debtor is entitled to a $7,500 exemption in the Tuxedo Property. First, the Court notes that the Debtor was in possession of the Tuxedo Property on the date he filed his bankruptcy petition. It is undisputed that on the date of the bankruptcy filing,

---

1. I.C. Section 34–2–28–1(a)(1) provides as follows with respect to exemptions in the debtor's personal residence:
    (a) The following property of a judgment debtor ... is not subject to levy....
    (1) Real estate or personal property constituting the personal or family residence of the judgment debtor or a dependent of the judgment debtor, or estates or rights in that real estate or personal property, of not more than seven thousand five hundred dollars ($7,500).

2. The Court was not presented with clear evidence as to whether the Debtor alone, or the Debtor and his wife, are named in Mr. Milburn's will.
    If both the Debtor and his wife were to take under the will, the issue before the Court would be moot. Where only one spouse files a bankruptcy petition (as is the case here), property held as tenants by the entirety comes into the

bankruptcy estate, and then passes back out of the estate pursuant to the Indiana exemption for entireties property. *Matter of Paeplow*, 972 F.2d 730 (7th Cir.1992)(interpreting Indiana exemption law); *Matter of Hunter*, 970 F.2d 299 (7th Cir.1992)(interpreting Indiana exemption law). *See* I.C. Section 34–2–28–1(a)(5)(exempting any "interest the judgment debtor has in real estate held as a tenant by the entireties").

3. I.C. Section 34–2–28–1(a)(3) provides as follows with respect to exemptions in intangible property:
    (a) The following property of a judgment debtor ... is not subject to levy....
    ....
    (3) Intangible personal property, including choses in action (but excluding debts owing and income owing), of one hundred dollars ($100).

and for several years prior to the bankruptcy filing, the Tuxedo Property had served as the "personal or family residence of the [debtor]".

Secondly, it is further undisputed that the Debtor *will* receive legal title to the Tuxedo Property, after sufficient time has passed for the probate of Mr. Milburn's estate to be completed. In the circumstances of this case, the nature of the Debtor's property interest on the date he filed his petition, should be deemed to derive from the nature of the underlying property interest. If the property to be inherited is real estate in which the Debtor resides, then a $7,500 exemption should be allowed. If the property to be inherited is personal property, then a $4,000 exemption should be allowed. If the property to be inherited is a share or shares of stock, then a $100 exemption should be allowed.

■ Finally, and perhaps most importantly, allowing the Debtor a $7,500 exemption in the Tuxedo Property supports the policy behind the Indiana exemption statute. Indiana courts have a longstanding practice of construing exemption statutes liberally in favor of the debtors for whose benefit they were enacted. *Levin v. Dare,* 203 B.R. 137, 144 (S.D.Ind.1996).

For all the foregoing reasons, the Trustee's Objection to Exemption should be overruled.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Exemption be, and hereby is, OVERRULED. The Court hereby DECLARES that the Debtor is entitled to an exemption in his residence in the amount of $7,500.00, pursuant to I.C. Section 34–2–28–1(a)(1).