**UNITED STATES of America,
Appellant (Defendant
below),**

**v.**

**Anne L. DEWES and 1st Source Bank,
Appellee (Plaintiff and Defendant
below).**

**1st Source Bank, Appellant
(Defendant below),**

**v.**

**Anne L. Dewes and United States of
America, Appellee (Plaintiff
and Defendant below).**

**Nos. 4:04CV6, 4:04CV7.**

United States District Court,
N.D. Indiana,
Hammond Division at Lafayette.

Aug. 13, 2004.

David A. Rosenthal, Lafayette, IN, for Plaintiff.

Karen A. Smith, US Department of Justice, Washington, DC, Robin W. Morlock, US Attorney's Office, Hammond, IN, Cathleen M. Shrader, Henry P. Najdeski, Michael P. O'Hara, Thomas P. Yoder, Barrett and McNagny, Fort Wayne, IN, Mark E. Wagner, Kizer and Neu, Bremen, IN, Michael D. Hardy, Barnes & Thornburg, South Bend, IN, for Defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

The instant appeal is brought from the entry of a final judgment by the United States Bankruptcy Court. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a). The Bankruptcy Court entered its Amended Judgment, which was a final judgment, on December 11, 2003 and Appellants 1st Source Bank ("Bank"), and the United States of America ("IRS") timely filed its Notice of Appeal on or about December 22, 2003. This Court has consolidated the appeals, specifying No. 4:04–cv–6 as lead case. This Court heard oral argument on this matter in Lafayette, Indiana on May 24, 2004.

### I. Background

Ann Dewes ("Dewes") filed her bankruptcy petition on November 22, 2000, and on February 28, 2001, she filed a complaint seeking a determination as to the extent and validity of the tax liens and the mortgage of the Bank against certain property

owned by the debtor and her husband. On October 7, 2002, the Bankruptcy Court determined that, of two notices of federal tax lien, the first one had priority over the Bank's mortgage, but that the debtor may avoid the first tax lien under Section 544(a)(3) of Title 11. The Bankruptcy Court further determined that the first tax lien was preserved for the estate under Section 551, allowing the estate to assert it over the Bank's mortgage. The Bankruptcy Court also ruled that certain transfers were valid notwithstanding mistaken legal description in the deeds, such that a subsequently arising second tax lien never attached to the property.

The October 7, 2002 Judgment was appealed and such appeal was dismissed upon determination by this Court that the October 7, 2002 Judgment was not a final judgment since it did not actually declare the tax lien avoided. On August 29, 2003, the matter was remanded back to the Bankruptcy Court. On December 11, 2003, the Bankruptcy Court indicated that it would enter an amended judgment. It then entered an Amended Judgment providing that the first tax lien of the IRS "is hereby avoided and preserved for the benefit of the bankruptcy estate."

## II. Standard of Review

█ As stated by the Seventh Circuit, "[i]n the course of a district court's decision to affirm, modify or reverse an order of the bankruptcy court, '[f]inding of fact ... shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses.' ... Both questions of law and mixed questions of law and fact, however, are reviewed *de novo*." *Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir.2004). A finding is clearly erroneous if the Bankruptcy Court's determination leaves the reviewing Court with the definite and firm conviction that the

Bankruptcy Court committed a mistake. *In re Porter*, 202 B.R. 109, 120 (N.D.Ind. 1996). In such cases, the District Court is authorized to affirm, reverse, or remand the Bankruptcy Court's ruling. *See Smoker v. Hill & Associates, Inc.*, 204 B.R. 966, 970 (N.D.Ind.1997).

## III. Discussion

### Section 544

█ Both the IRS and the Bank argue that the Bankruptcy Court erred in concluding that a Chapter 13 debtor, such as Dewes, has standing to bring an avoidance action under Section 544. The main argument appears to be that unlike the specific statutory authority granting a Chapter 11 debtor standing to exercise avoidance powers, there is no specific statutory provision granting Chapter 13 debtors the right to exercise avoidance powers under Section 544. While there are a number of courts which hold that Chapter 13 debtors may not avail themselves of the trustee's Section 544 strong-arm avoidance powers, *see, e.g., In re Hamilton*, 125 F.3d 292 (5th Cir.1997); *In re Henderson*, 133 B.R. 813 (Bankr.W.D.Tex.1991), other courts have held that a Chapter 13 debtor may exercise the trustee's powers under Section 544. *See, e.g. Freeman v. Eli Lilly Fed. Credit Union*, 72 B.R. 850 (Bankr.E.D.Va. 1987); *Einoder v. Mount Greenwood Bank*, 55 B.R. 319 (Bankr.N.D.Ill.1985).

While the Seventh Circuit has not decided this precise question, it has discussed a related question in *Cable v. Ivy Tech State College*, 200 F.3d 467 (7th Cir.1999) which was relied on by the Bankruptcy Court in its decision. It is clear that Courts have gone both ways on the precise question before this Court. While the IRS and the Bank argue that a better reasoned approach is one in which a Chapter 13 debtor does not have standing to bring such an action, the Bankruptcy Court disagreed.

The Bankruptcy Court in its reading of *Cable* as well as the other cases supporting such a position, arrived at the conclusion that a Chapter 13 debtor's powers allow for standing. Such decision cannot be found to be one that is clearly erroneous and most certainly does not leave this Court with a firm conviction that the Bankruptcy Court committed a mistake.

**Conclusion B**

■ The Bank argues that the Bankruptcy Court erred in accepting a purported stipulation as to a legal conclusion without engaging in an independent review of whether the legal conclusion was justified. All counsel agreed on the fact that the bank lien would be subordinate to the IRS lien if the IRS lien attached to the property. Based on such, none of the parties introduced evidence to prove or disprove such fact. Thus the Bankruptcy Court based on the fact that the Bank conceded its mortgage was subordinate concluded in Conclusion B that the Bank was subordinate since the IRS lien attached. The Bankruptcy Court relied on the admission/stipulation that the Bank could not sustain its burden of proof that its mortgage was for consideration or without notice and no evidence of such was presented, and therefore it was not in error that the Bankruptcy Court entered its Conclusion B.

**Avoidance of IRS' Tax Lien**

■ The IRS claims that the Bankruptcy Court erred in concluding that the debtor could avoid the IRS's tax lien. The Bankruptcy Court reached this conclusion after determining the IRS's lien was recorded outside the chain of title. As phrased by the IRS, the issue at hand is "whether a title examiner ... is required to check for federal tax liens filed in the name of the settlor, in light of the power of revocation." As argued by the Bank as

well as the debtor and held by the Bankruptcy Court, the IRS's first tax lien was recorded outside the chain of title and therefore did not provide notice to a bona fide purchaser. *See, Szakaly v. Smith*, 544 N.E.2d 490, 492 (Ind.1989). The IRS's notice of tax lien plainly was insufficient to provide notice. *See, Keybank National Association v. NBD Bank*, 699 N.E.2d 322, 327 (Ind.Ct.App.1998). Since the lien was recorded outside the chain of title, the IRS's lien does not have priority over a valid lien in the chain of title.

**Section 551**

■ In its argument on Section 551, the IRS claims Section 551 of Title 11 is inapplicable because there has been no transfer avoided as described therein. However, the transfers referenced in Section 551 are not limited to transfers of the debtor, rather Section 551 applies more generally and without limitation to all transfers no matter by whom. *See*, 11 U.S.C. Section 551.

■ Both the Bank and the IRS continue in their argument under Section 551 that the Bankruptcy Court erred in determining that the avoided lien asserted by the bankruptcy estate nevertheless has priority over the Bank's valid lien. In entering final judgment the Bankruptcy Court concluded that "[t]he debtor may avoid the United States' first lien that lien is hereby avoided and preserved for the benefit of the bankruptcy estate." Pursuant to Section 551, any transfer avoided under Section 544 ..., or any lien avoided under Section 506(d) is preserved for the benefit of the estate..." The purpose behind Section 551 is to protect the estate by substituting the estate for the avoided lien. Otherwise a junior lienholder would obtain the benefit not the estate. *See*, 11 U.S.C. Section 551; *see also, Cable*, 200 F.3d at 472.

## IV.  Conclusion

Based on the forgoing, the decision of the Bankruptcy Court is **AFFIRMED**.

**SO ORDERED.**