**In re Christine Marie RODRIGUEZ, Debtor.**

**Christine Marie Rodriguez, Plaintiff,**

**v.**

**Countrywide Home Loans, Inc., Defendant.**

**Bankruptcy No. 07–23124 JPK. Adversary No. 08–2017.**

United States Bankruptcy Court, N.D. Indiana, Hammond Division.

April 1, 2009.

Lori D. Fisher, Esq., Merrillville, IN, for the debtor, Christine Marie Rodriguez.

Rayanna L. Alexander, Esq., Indianapolis, IN, for the Defendant Countrywide Home Loans, Inc.

Mark R. Galliher, Esq., Indianapolis, IN, for the Defendant Countrywide Home Loans, Inc.

## MEMORANDUM OF DECISION

J. PHILIP KLINGEBERGER, Bankruptcy Judge.

This adversary proceeding was initiated by a complaint filed by Christine Marie Rodriguez ("Rodriguez") on February 18, 2008.[1] The focus of the complaint is Rodriguez's assertion that a mortgage granted by Rodriguez and her non-debtor spouse to Countrywide Home Loans, Inc. ("Countrywide") is avoidable by her utilization of the "strong arm" powers of the Chapter 13 Trustee. The defendant Countrywide of course opposes Rodriguez's contentions.

## I. STATUS OF THE RECORD

Rodriguez initiated her Chapter 13 case by the filing of a petition on November 14, 2007. On February 18, 2008, Rodriguez initiated this adversary proceeding. Countrywide filed its answer on February 21, 2008. On May 22, 2008, the court entered a docket order following a pre-trial conference held on May 21, 2008 which stated the following:

Complaint filed by Plaintiff Christine Marie Rodriguez. APPEARANCES: Atty. Fisher on behalf of Plaintiff and Atty. Galliher on behalf of Defendant. Atty. Fisher will confirm that the non-debtor spouse signed the mortgage. It is ORDERED that Atty. Fisher shall file the authorization of the Chapter 13

trustee for the debtor to pursue action on behalf of the Chapter 13 bankruptcy estate within 21 days. At the next Telephonic Conference set for 6/25/08 at 10:00 A.M. the parties will address possible resolution on a designated record.

As required by the May 22, 2008 order, on June 12, 2008 a "Statement of Authorization" was filed, as signed jointly by Rodriguez's counsel and by the Chapter 13 Trustee. This Statement is as follows:

The Trustee, Paul R. Chael, hereby authorizes and assigns to the Plaintiff/Debtor, Christine Marie Rodriguez, the standing/right to pursue any and all voidance actions under 11 U.S.C. §§ 544, 545, 546, 547, 548, 549 and 550 that she may have against the above named Defendant.

The court entered an order on July 1, 2008, which stated the manner in which this adversary proceeding would be finally determined. Pursuant to that order, on August 15, 2008, Rodriguez and Countrywide jointly filed their "Stipulation for Trial", which states all of the facts necessary for final determination of this adversary proceeding. On October 16, 2008, Countrywide filed its "Brief of Defendant on Stipulated Facts", and on that same date, Rodriguez filed her "Plaintiff's Memorandum". Countrywide filed its "Reply Brief of Defendant" on November 25, 2008, and on that same date, Rodriguez filed her "Plaintiff's Reply Brief".

This adversary proceeding is now at issue on the stipulated evidentiary record provided by the parties, and the legal arguments advanced by the parties in their respective memoranda.

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

---

1. Rodriguez is the debtor in a Chapter 13 case pending in the United States Bankruptcy Court for the Northern District of Indiana, Hammond Division, case number 07–23124.

§ 1334(b), 28 U.S.C. § 157(a) and (b), and N.D.Ind.L.R. 200.1. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

## II. FACTUAL RECORD

As provided by the court's order entered on July 1, 2008, the entire factual record for submission of this adversary proceeding to the court for final judgment is the parties' "Stipulation for Trial" filed on August 15, 2008.

The necessary facts established by that stipulation are the following:

1. On August 21, 2006, Rodriguez executed an Adjustable Rate Note in favor of BancGroup Mortgage Corporation.[2]

2. At the time of the execution of the foregoing Note, Rodriguez owned real property located at 955 Ridgeland Avenue, Valparaiso, Indiana as tenants by the entireties with her husband, Agustin Rodriguez.

3. Rodriguez and her husband signed a Mortgage, which is attached to the parties' stipulation as Exhibit "A". This mortgage designates the mortgagor as "Christine M. Rodriguez, and Agustin Rodriguez, wife and husband". The signatures of the individuals who signed the mortgage are as follows in the document:

The jurat/acknowledgment in the document is the following:

4. The mortgage was recorded in the Office of the Porter County Recorder on October 4, 2006, as document number 2006–029968.

5. As stated in paragraph 9 of the stipulation:

9. At the time of the execution of the Note and Mortgage, there were joint creditors of Christine Rodriguez and Agustin Rodriguez as evidenced by the Debtor's Schedules attached hereto as Exhibit "B". For purposes of this adversary proceeding only, Countrywide stipulates that the Debtor's schedules correctly set out the dates each creditor's claim was incurred. The parties disagree whether the Debtor's 2006 income tax liabilities accrued on December 31, 2006, or daily through 2006. Otherwise, claims dat-

**2.** Neither the Note itself nor the terms of the Note have been submitted into evidence.

ed only "2006" will be treated as incurred after execution of the Note and Mortgage.

6. As stated in paragraph 10 of the stipulation:

10. At the time of the filing of the petition, there were joint creditors of Christine Rodriguez and Agustin Rodriguez which include the Internal Revenue Service, Bank of America, Claudia Wayman, CollectCorp, HSBC, and Washington Mutual/Providian.

7. Rodriguez's petition, initiating her Chapter 13 case, was filed on November 14, 2007.

8. Countrywide has filed a timely claim: claim number 2, which asserts a secured claim in the amount of $184,759.67.

## III. ISSUES PRESENTED

The issues, as presented to the court by the "contentions" section of the "Stipulation for Trial" and the legal memoranda filed by the parties, are the following:

A. To what extent does 11 U.S.C. § 522(h) bar or limit the relief requested by Rodriguez?

B. To the extent that Countrywide's mortgage interests are avoidable, to what extent can the debtor obtain exemption with respect to the real property subject to the avoided transfer?

C. If Rodriguez can pursue this action, to what extent is the mortgage granted to Countrywide avoidable pursuant to 11 U.S.C. § 544(a)(3)? [3]

---

**3.** The specific relief requested by the complaint is that judgment be entered "determining that Countrywide's security interest/mortgage(s) is void." There is no issue before the court as to the extent of any exemption claimed, or which might be claimed, by Rod-

## IV. LEGAL ANALYSIS

### A. Countrywide's Contentions with Respect to 11 U.S.C. § 522(h)

■ Countrywide contends that this adversary proceeding is now pursued solely by the debtor with respect to interests of the debtor, and is not pursued on behalf of the Chapter 13 bankruptcy estate. Countrywide therefore argues that the action contravenes 11 U.S.C. § 522(h), which states:

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

The purpose of section 522(h) is to provide a debtor, including a Chapter 13 debtor, with both the standing and authority to assert avoidance actions delineated in section 522(h)(1) *for the benefit of the debtor* with respect to exemptions claimed or potentially claimable by the debtor, *if* the Trustee chooses to not exercise avoidance powers on behalf of the bankruptcy estate. The circumstances which bring section 522(h) into play are simply not at play in this case. It is absolutely clear from the record in this case that Rodriguez is pursuing the avoidance action on behalf of the estate. First, the court's docket order entered on May 22, 2008 expressly stated

riguez if the mortgage is held to be avoided. There is also no issue as to any treatment which any plan submitted by Rodriguez must provide to any creditor in the event the mortgage is held to be avoided.

that the debtor's counsel was to "file the authorization of the Chapter 13 trustee for the debtor *to pursue action on behalf of the Chapter 13 bankruptcy estate* within 21 days" (emphasis supplied). Within the time frame delineated by that order, on June 12, 2008, a "Statement of Authorization" was filed by which the Chapter 13 Trustee authorized and assigned to the debtor his standing/right to pursue any and all avoidance actions under various sections of the Bankruptcy Code, including 11 U.S.C. § 544. While the Trustee's Statement is not a model of artful drafting, providing as it does for "assignment" to Rodriguez of the standing and rights of the Trustee to "pursue ... actions ... that she may have against the above named Defendant", the court construes the Statement to be in direct response to the court's May 22, 2008 order, and thus intended to parallel the terms of that order by authorizing Rodriguez to pursue the avoidance action asserted by the complaint on behalf of the Chapter 13 bankruptcy estate. Moreover, to the extent that the Statement may have been somehow intended to limit the scope of the authorization dictated by the May 22, 2008 order, which the court deems to not be its intent, the court rejects that limitation. Finally, with respect to a record nearly identical to that in this case in the context of the debtor's pursuing an action on behalf of the Chapter 13 estate, in *In re Stubbs,* 330 B.R. 717, 723 (Bankr.N.D.Ind.2005), the court explicitly held that a Chapter 13 debtor has standing to pursue strong arm avoidance claims on behalf of the bankruptcy estate, citing *U.S. v. Dewes (In re Dewes),* 315 B.R. 834 (N.D.Ind.2004) in support of its determination [there is no indication in the facts recited in *Dewes* that the Trustee had even specifically authorized the debtor to pursue any action on behalf of the estate]. The court's decision in *In re Stubbs* was affirmed by the

United States District Court for the Northern District of Indiana; 2006 WL 2361814 (N.D.Ind. August 14, 2006).

A predicate for the operation of 11 U.S.C. § 522(h), as stated in 11 U.S.C. § 522(h)(2), is that "the trustee does not attempt to avoid such transfer". In this case, the Chapter 13 Trustee has authorized the debtor to pursue the avoidance action which is the subject of this adversary proceeding on behalf of the Chapter 13 bankruptcy estate—a circumstance entirely outside the circumstances defined by 11 U.S.C. § 544(h).

The record conclusively establishes that this adversary proceeding is now being pursued by Rodriguez on behalf of the Chapter 13 bankruptcy estate (i.e., by the Trustee *through* Rodriguez) pursuant to the authorization of the Chapter 13 Trustee to do so. Countrywide's contention that the action is in contravention of 11 U.S.C. § 522(h) is therefore without merit, in that 11 U.S.C. § 522(h) is not at all relevant in this action.

### B. *Countrywide's Contentions Concerning 11 U.S.C. § 522(g)*

Countrywide contends that the extent of Rodriguez's ability to exempt the real estate which is the subject of its mortgage is circumscribed by 11 U.S.C. § 522(g). That statute states:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

**(B)** the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section.

Countrywide's argument with respect to section 522(g) is a corollary to its contentions concerning 11 U.S.C. § 522(h). As such, the argument is irrelevant.[4] There is no issue before the court as to the extent Rodriguez may benefit from any exemption claimed, or which might be claimed, by Rodriguez if the mortgage is avoided.

### C. *Avoidance of the Mortgage Interests of Countrywide*

The crux of this adversary proceeding is whether or not the mortgage interests of Countrywide with respect to real property commonly described as 955 Ridgeland Avenue, Valparaiso, Indiana, are avoidable pursuant to 11 U.S.C. § 544(a)(3).

In this Chapter 13 case, because only one of the two spouses who hold the property subject to the mortgage as tenants by the entireties is a debtor, the case first requires analysis as to the interest of Rodriguez in the subject property which constitutes property of the debtor or property of the debtor's bankruptcy estate, in order to determine the extent to which Countrywide's mortgage interests may be subjected to potential avoidance under section 544(a)(3).

Because the real property is held as tenants by the entireties, but only one of the marital partners is a debtor in this case, Rodriguez's interests, as a debtor in this case with respect to the subject real estate, are not co-extensive with the interests of her and her non-debtor spouse as tenants by the entireties.

The characteristics of tenancy by the entireties under Indiana law were described as follows in *In re Hunter*, 970 F.2d 299, 301 (7th Cir.1992):

Indiana continues to recognize the common law form of marital property ownership—tenancy by the entirety. It is based upon the ancient common law principle that, upon marriage, each spouse loses his or her individual identity, and the two people become one entity. This entity, rather than either spouse, holds title to entirety property. *State v. Union Bank & Trust Co.*, 177 Ind.App. 632, 380 N.E.2d 1279, 1280 (1978) ("The law in this State is clear that property held in a tenancy by the entireties is held by a single legal entity created by the ... unity of husband and wife."). While neither spouse claims title individually, each spouse has an undivided interest in the whole. *Heffner v. White*, 113 Ind.App. 296, 45 N.E.2d 342, 346 (1942) ("[A] tenancy by the entirety is vested in two persons only, who in law are regarded as only one, and each of whom becomes seised of the estate as a whole."). Neither spouse can transfer or encumber the property by himself or herself; it takes a joint act to affect the property. *Union Bank*, 380 N.E.2d at 1280 ("[O]ne spouse cannot convey or encumber the property so held without the consent of the other."). This form of property interest is not limited to the family residence; a husband and wife can own any real estate as tenants by the entirety.

Under Indiana law, real property held as tenants by the entireties is not subject to sale or execution or other legal process sought by any creditor to whom only one of the two marital parties is liable; *Diss v. Agri Business International, Inc.*, 670

---

**4.** The court addresses this issue only because the parties' submissions have done so. As stated in footnote 3 above, this issue is not before the court in this adversary proceeding.

N.E.2d 97, 99 (Ind.App.1996). However, such property is subject to collection process by a creditor having a judgment lien based upon an obligation upon which both spouses are jointly liable to that creditor.

■ As stated in *Mid–West Federal Savings Bank v. Kerlin*, 672 N.E.2d 82, 85 [fn. 3] (Ind.App.1996):

> [The] estate [by the entireties] is characterized by the 'four unities': (1) unity of estate; (2) unity of possession; (3) unity of control; and (4) unity in conveying or encumbering. *See Chandler v. Cheney*,[5] *37 Ind. 391 (1871)*; *Barnes v. Luttrull*, *557 N.E.2d 692, 694 (Ind.Ct.App.1990)*, *trans. denied.*

As Indiana law stood at one time, because tenancy by the entireties property was deemed to be held by the martial unit as an entity separate and apart from each of the individual spouses, such property did not become in any manner property of the bankruptcy estate of an individually filing spouse; *First National Bank of Goodland v. Pothuisje*, 217 Ind. 1, 25 N.E.2d 436 (1940). However, the enactment of the Bankruptcy Code, amendments to the Bankruptcy Code, and the Indiana Legislature's "opting out" of the federal exemptions provided by 11 U.S.C. § 522(b)(1) changed the dynamics of the concepts stated in *Pothuisje*. As stated in *In re Paeplow*, 972 F.2d 730, 736–737 (7th Cir.1992):

> At any rate, the legislative history behind § 541 makes clear that Congress intended a *debtor's interest in entirety property,* at least initially, to enter the bankruptcy estate. *Hunter*, 970 F.2d at 305–06; *Schlossberg*, 777 F.2d at 925; *Napotnik*, 679 F.2d at 318. The House Report to § 541 notes, for example, that *the undivided interest of a spouse* who is a debtor in a case under the Act is property of the estate. This is contrary to the present Act which looks to state law to determine what happens with respect to property jointly owned by husband and wife.
>
> H.R.Doc. No. 137, 93d Cong., 1st Sess. 195 (1973).
>
> That is not to say Congress intended to circumvent the protection afforded entirety property under state law. It simply means congress intended entirety property to enter the bankruptcy estate and to pass out of the estate if subject to an exemption, and if claimed by the debtor on his or her bankruptcy schedules. *In re Hunter*, 122 B.R. at 355. [emphasis supplied]

■ The concept that an individual spouse has some form of separate interest in tenancy by the entireties property which allows *that interest* to enter his or her individual bankruptcy estate is in consonance with the principles underlying the decision of the United States Supreme Court in *United States v. Craft*, 535 U.S. 274, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002). The issue addressed in *Craft* is the extent to which a spouse has an individual interest in tenancy by the entireties property for the purpose of attachment of the federal tax lien to that interest as "property" or "rights to property" within the scope of 26 U.S.C.A. § 6321. It bears noting that *Craft* discusses tenancy by the entireties concepts within the context of a federal statute (26 U.S.C. § 6321), and thus the analysis in *Craft*—if not in fact its precise determination-is instructive with respect to the issue at hand in this case in relation to section 541 of the Bankruptcy Code. The *Craft* majority likened the incidents of ownership of each of the spouses in a tenancy by the entireties context to a "bundle of sticks"—*Craft*, 535 U.S. 274, 278–279, 122 S.Ct. 1414—and determined that certain of the sticks in each spouse's bundle constitutes a property interest in the real property held by that spouse alone, apart from the larger brush pile

which comprises all of the sticks of both of the marital partners. The critical point to be derived from *Craft's* analysis is that each of the spousal partners has a separate interest of some kind in tenancy by the entireties property, which may be segregated apart from the concept of the single unitary interest in the property as a whole which a state's law may ascribe to that form of ownership.[5]

As stated in 11 U.S.C. § 541(a)(1)—as noted by the Seventh Circuit Court of Appeals in *Paeplow, supra.*—an individual spousal debtor's bankruptcy estate "is comprised of" . . . *"all legal or equitable interests of the debtor* in property as of the commencement of the case" [emphasis supplied]. As illustrated by

*Craft*, it is **the individual interest of the debtor,** and not the whole of the property held as tenants by the entireties, that constitutes property of an individual spouse's bankruptcy estate.[6] Properly understood, the "entireties property"—the entire brush pile, if you will—is not brought into the estate of an individual spousal debtor; rather, only the separate interest of the individual spousal debtor in the entireties property constitutes property of that debtor's estate. There is no provision in the law which can be reasonably construed to cause the *whole* of entireties property to constitute property of the bankruptcy estate of an individual spousal debtor.

This conceptual framework is further supported by analysis of the Indiana "opt

---

5. Interestingly enough, even under Indiana law, certain incidents of ownership in tenancy by the entirety property do not adhere to the "unity" concept of exemption from collection process with respect to the individual debts of one spouse. For example, "rental income from entirety property does not retain its character of entireties' ownership, and thus, one-half of the income is subject to the claims of creditors of spouses incurring individual indebtedness [citations omitted]," *Diss v. Agri Business International, Inc.,* 670 N.E.2d 97, 99 (Ind.App.1996).

6. As stated in *In re Hunter,* 970 F.2d 299, 305 (7th Cir.1992):

In enacting section 541, Congress intended to include within the bankruptcy estate *a debtor's interest in entirety property.* This is revealed by legislative history. It is also evident in the operation of sections 363 and 522 which, when read together, allow the trustee to make the entirety property available to satisfy claims of joint creditors. Several courts addressing this issue have come to the same conclusion. [FN8] Thus, we must reject the Bank's argument and conclude that the bankruptcy court and the district court were correct in determining that entirety property is brought into the bankruptcy estate by operation of section 541. [emphasis supplied] [footnote omitted]
FN8. See *Sumy v. Schlossberg,* 777 F.2d 921, 925 (4th Cir.1985) (" § 541 now includes the debtor's interest in entireties

property as part of the estate"); *Liberty State Bank & Trust v. Grosslight (In re Grosslight),* 757 F.2d 773, 775 (6th Cir. 1985) ("It is now established that [section 541(a)] brings entireties property into the bankruptcy estate."); *Napotnik v. Equibank & Parkvale Sav. Ass'n,* 679 F.2d 316, 318 (3d Cir.1982) ("This definition is certainly broad enough to include an individual debtor's interest in property held as a tenant by the entirety.").

The foregoing quotation contains an unfortunate mixing of proprietary metaphors, which seems to equate an individual spouse's interest in tenancy by the entirety property (whatever that interest may be) with the entirety of the property itself. It is clear, however, from the recitation of the decisions of other courts stated in footnote 8 above that the Seventh Circuit was referring to the former concept of an individual spouse's interest rather than the latter concept of the whole of the property. This construction also precludes the untenable situation which would arise were each spouse to file separate bankruptcy cases: if each spouse's interest is deemed to be the *whole* of the property, then in the situation of separate filings, any tenancy by the entireties property would be entirely within each of the two separate bankruptcy estates, creating unnecessary conceptual and administrative issues.

out" exemption statute in relation to the interests of an individual spousal debtor in tenancy by the entireties property. The procedural history of the Indiana exemption statute for the purposes of bankruptcy was stated as follows in *In re Hunter*, 970 F.2d 299, 303–304 (7 th Cir.1992):

> Under this section, two alternative sets of exemptions are created. Subsection 522(b)(1) affords the debtor the federal exemptions set forth in subsection 522(d); alternatively, under subsection 522(b)(2), the debtor may choose the exemptions provided by his domicile state along with exemptions provided by federal, non-Code bankruptcy law (*e.g.,* the social security payment exemption, 42 U.S.C. § 407, and veterans benefits exemption, 38 U.S.C. § 1970(g)). As the statute reveals, debtors who choose the state and federal non-Code exemptions can also exempt
>
> > *any interest in property in which the debtor had,* immediately before the commencement of the case, *an interest as a tenant by the entirety* or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.
>
> 11 U.S.C. § 522(b)(2)(B). [FN5] [omitted] The Code also allows individual states to take this choice away from the debtor by "opting out" of the federal exemptions altogether. *See* 11 U.S.C. § 522(b)(1). Subject to exceptions that are not relevant to this case, section 522(c) provides that property exempted under this section is not liable for any pre-petition debt.
>
> . . .
>
> In 1980, Indiana amended its statutes governing real estate exemptions and "opted out" of the Code exemptions:
>
> > 34–2–28–0.5 Exemptions allowed and prohibited

> > In accordance with section 522(b) of the Bankruptcy Code of 1978 (11 U.S.C. 522(b)), in any bankruptcy proceeding, an individual debtor domiciled in Indiana:
> >
> > (1) is not entitled to the federal exemptions as provided by section 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. 522(d)); and
> >
> > (2) may exempt from the property of the estate only that property specified by Indiana Law.
>
> Ind.Code § 34–2–28–0.5. The legislature also amended the existing exemption statute to create what appears to be a complete exemption, in individual bankruptcies, for property held by the entirety:
>
> > 34–2–28–1 List of exemptions; limitations
> >
> > (a) The following property of a judgment debtor domiciled in Indiana is not subject to levy or sale on execution or any other final process from a court, for a judgment founded upon an express or implied contract or a tort claim:
> >
> > . . .
> >
> > (5) Any interest the judgment debtor has in real estate held as a tenant by the entireties on the date of the filing of the petition for relief under the bankruptcy code, unless a joint petition for relief is filed by the judgment debtor and spouse, or individual petitions of the judgment debtor and spouse are subsequently consolidated.
>
> Ind.Code § 34–2–28–1(a)(5).

 In order to properly apply I.C. 34–55–10–2(c)(5), it is of critical importance to note that the statute does *not* exempt "real estate held as a tenant by the entireties", but rather exempts only *"[a]ny interest that the judgment debtor has* in real estate held as a tenant by the entire-

ties"; [emphasis supplied]. Therefore, under 11 U.S.C. § 522(b)(1), the interest which an individual spousal debtor is entitled to exempt with respect to tenancy by the entireties real estate is the extent of his/her interest in that property, and not the whole of that property itself, including whatever separate interests his or her spouse may hold in that property.

Thus, in the instant case, application of Indiana law results in the *interest of the debtor* in the subject real property entering the debtor's bankruptcy estate, and application of I.C. 34–55–10–2(c)(5) allows for the exemption of that interest from the estate.

■■■■ Thus, only Rodriguez's individual interest as a tenant by the entireties in the subject real estate entered the estate at its inception—not the "unitary" interests of Rodriguez and her spouse. I.C. 34–55–10–2(c)(5) states:

> (c) The following property of a debtor domiciled in Indiana is exempt:
>
> . . .
>
> (5) Any interest that the debtor has in real estate held as a tenant by the entireties. The exemption under this subdivision does not apply to a debt for which the debtor and the debtor's spouse are jointly liable.

By electing to exempt her interests under I.C. 34–55–10–2(c)(5), Rodriguez removed her interest in the real estate subject to Countrywide's mortgage from her bankruptcy estate, except to the extent of claims of joint creditors of her and her spouse. There are five designated joint creditors in Rodriguez's Schedule F, and two designated joint creditors in Schedule E. Additionally, Countrywide is a joint creditor, as is Harris Bank, NA with respect to a motor vehicle owned jointly by Rodriguez and her spouse. Only one of the two Schedule E creditors (the IRS)

has filed a claim. Both Harris and Countrywide have filed secured claims. It is difficult to correlate the claims filed to the list of debts in Schedule F, but it appears that at most one designated joint creditor (HSBC) has filed a claim; the debtor has filed claims on behalf of two joint creditors (Washington Mutual/Providian, and Bank of America). Thus, whatever interest Rodriguez has in the subject real estate remains in her estate for the benefit of joint creditors of her and her spouse. By electing to exempt her interests under I.C. 34–55–10–2(c)(5), Rodriguez took the subject real estate "out of play" with respect to her individual creditors.

The separate interest of Agustin Rodriguez in the real estate is implicated in this case only with respect to Rodriguez not being able to exempt the tenancy by the entireties real estate from claims of joint creditors. Apart from that, Agustin Rodriguez's interest in the real estate is not property of Rodriguez's bankruptcy estate, and is not subject in any way to administration in her case, with the possible exception of a sales action by the Trustee under 11 U.S.C. § 363(h) for the benefit of joint creditors.

■■■■ The key to Rodriguez's avoidance action is 11 U.S.C. § 544(a)(3), which is the only avoidance power either asserted by, or in actuality even potentially exercisable by, Rodriguez. And therein lies the result in this case.

11 U.S.C. § 544(a)(3) states that the trustee "may avoid any transfer of property of the debtor . . . that is avoidable by—

> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists".

The granting of mortgage interests to Countrywide by Rodriguez is clearly a "transfer" within this provision. But, section 544(a) applies *only* with respect to a transfer of *"property of the debtor."* The "debtor" in this case is Rodriguez. As is absolutely clear from the foregoing analysis—for the purpose of Rodriguez's (the estate's) avoidance action-the property transferred by Rodriguez *as the debtor* is a mortgage interest in her interest in the subject real estate, an interest which has a separate life in the bankruptcy arena apart from the "unitary" concept of tenancy by the entireties ownership which exists outside of that arena.

The asserted invalidity of Countrywide's mortgage does not arise from any deficiency with respect to Rodriguez—all requirements of Indiana recording statutes have been fulfilled in the mortgage instrument with respect to her. Rather, the asserted invalidity of the mortgage with respect to bona fide purchasers arises with respect to lack of a proper acknowledgment as to the signature Agustin Rodriguez in the mortgage. Following through with the foregoing analysis of the concepts of tenancy by the entireties under Indiana and Seventh Circuit law, there is no deficiency under any Indiana statute which relates to the recording of instruments affecting interests in real property, which applies to Rodriguez's execution of Countrywide's mortgage. The recorded mortgage clearly provides constructive notice under Indiana's recording statutes as to Rodriguez's voluntary transfer of a mortgage interest in the subject real estate, in relation to her interests in that real estate. The trustee's avoidance powers under 11 U.S.C. § 544(a)(3) are limited to avoidance of transfers of "property of the debtor". The property of the debtor in this case in relation to the subject real estate is Rodriguez's separate interest as a tenant by the entireties, and not the "unity" interests of the marital entity. Agustin Rodriguez is not a debtor in this Chapter 13 case, and therefor whatever deficiencies there may have been with respect to Agustin Rodriguez's transfer of interests to Countrywide do not fall within the provisions of section 544(a)(3). As a result, there is nothing upon which the trustee's avoidance power under section 544(a)(3) may be targeted.[7]

Additionally, 11 U.S.C. § 544(a)(3) provides for the avoidance of a transfer which could be avoided by a bona fide purchaser of the *debtor's* interest. The interest of Rodriguez is an interest in property held as a tenant by the entireties, an interest which is fully disclosed in the property transfer records applicable to the Rodriguezs' obtaining fee simple interests in the subject real estate. Under Indiana law, absent one spouse's acting as agent for the other, or ratification of a transfer by the spouse not involved in a spouse's solo transfer of tenancy by the entireties property, there can be no transfer of tenancy by the entireties property to anyone by only one spouse; *Morgan v. Service Industries, LLC,* 879 N.E.2d 1229 (Ind.App.2008). Section 544(a)(3) provides the trustee with the status of a hypothetical *bona fide* purchaser, whether or not one actually exists; the statute does not assume for the debtor the status of a hypothetical transferor, i.e., a debtor who conveyed interests in tenancy by the entireties property to a third person as an agent for her spouse, or whose spouse

---

**7.** If this were a joint case in which both spouses were debtors, the result would be different, at least as to consideration of the concept of transfer "by the debtor". In a joint case, transfer of the marital entity's interests would be involved, and a deficiency as to transfer of one spouse's interests would affect the transfer of the debtors' interests. But that's not this case.

subsequently ratified the transfer. *There can be no bona fide purchaser of any separate interest held by Rodriguez in the real estate:* under Indiana law a conveyance by only one entireties tenant is invalid as against the other entireties tenant. Thus, there is no possible bona fide purchaser in relation to Rodriguez into whose hypothetical shoes the Trustee could step, and therefor no sustainable avoidance action under section 544(a)(3); *See, In re Etter*, 2009 WL 270068 (E.D.Mich.2009).

But what of the joint creditors of Rodriguez, one might ask? There are existing joint creditors, and the interests of both Rodriguez and her spouse in the subject real estate are subject to their interests, aren't they, by operation of I.C. 34–55–10–2(c)(5)? First, again, there cannot be a hypothetical bonafide purchaser from Rodriguez alone, necessary for the utilization of section 544(a)(3). Next, even if one were to hypothesize the use of 11 U.S.C. § 544(b)(1)—which allows the trustee to avoid a transfer of an interest of the debtor in property that is voidable by a creditor actually holding an allowed unsecured claim—the result would be the same. Under Indiana law, the deficiencies concerning the mortgage upon which the avoidance action is premised give rise to avoidance of the mortgage only by a bona fide purchaser; the mere holding of a joint debt does not a BFP make. A joint unsecured creditor could not avoid Countrywide's mortgage under Indiana law. Although not asserted as a basis for Rodriguez's action, 11 U.S.C. § 544(a)(1) is also unavailable, in that a judgment lien creditor could not avoid Countrywide's interests under Indiana law: under Indiana law, a judgement lien claimant is not a bona fide purchaser; *Pierce v. Spear*, 94 Ind. 127 (1884); *Robertson v. Schlotzhauer*, 243 F. 324 (7th Cir.1917).

There is nothing untoward about the foregoing result. For whatever reason, Rodriguez, a married person with joint debts, chose to file a bankruptcy case on her own. The separate property interests of her husband, whatever they may be, are therefor not property of her bankruptcy estate (with the exception of joint debts not being susceptible to "brush off" in relation to the subject real estate by operation of I.C. 34–55–10–2(c)(5)). The proper result is that if debtors in a tenancy by the entireties circumstance wish to take advantage of avoidance actions intended to benefit creditors, then all creditors of the couple must be advantaged and none disadvantaged; i.e., a joint case must be filed to utilize avoidance powers in relation to tenancy by the entireties property.

The court determines that the avoidance action under 11 U.S.C. § 544(a)(3) with respect to the interests of Rodriguez cannot be maintained, and that Countrywide is entitled to judgment with respect to the plaintiff's complaint.

## V. *DECISION*

Based upon the findings of fact and conclusions of law stated above, the court determines the following:

A. The debtor Christine Marie Rodriguez has the standing and the authority to pursue this adversary proceeding as an avoidance action under 11 U.S.C. § 544(a)(3) on behalf of her Chapter 13 bankruptcy estate.

B. The mortgage granted by Christine Marie Rodriguez and Agustin Rodriguez to Countrywide Home Loans, Inc. is not avoidable under 11 U.S.C. § 544(a)(3) in Rodriguez's case.

IT IS ORDERED, ADJUDGED AND DECREED that judgment is granted to Countrywide Home Loans, Inc. with re-

spect to the relief requested by the complaint in this adversary proceeding.